IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(BOWLING GREEN DIVISION)

MATTHEW J. IMBIEROWICZ            PLAINTIFF
1200 Muirfield Lane
Bowling Green, Kentucky 42104

Case No.    1:17-CV-47-GNS

v.

Judge    Greg N. Stivers

EQUIFAX INFORMATION SERVICES, LLC        DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

     SERVE:    CSC-Lawyers Incorporating Service Co.
                     421 W. Main Street
                     Frankfort, Kentucky 40601
                     (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Matthew J. Imbierowicz, by counsel, and for his Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Equifax's failure to investigate Plaintiff's credit reporting disputes and its failure to reasonably maintain the accuracy of Plaintiff's Equifax credit report.

## II. PARTIES

2. Plaintiff, Matthew J. Imbierowicz, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1200 Muirfield Lane, Bowling Green, Kentucky 42104.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Warren County, Kentucky as a result of the Defendants' doing business in Warren County, Kentucky.

## IV. FACTUAL BACKGROUND

8. In or around November 2016, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax credit report and discovered derogatory collections tradelines furnished by CBNA. Specifically, Plaintiff discovered CBNA Account Nos. 60164433088**** and 603535020725****.

9. Immediately upon discovering the derogatory CBNA tradelines, Plaintiff disputed

the accuracy of the tradelines with Equifax.

10. In December 2016, Plaintiff received from Equifax the results of his disputes of the above-referenced tradelines. The dispute results indicated that Equifax, in violation of the FCRA, failed to investigate the above-referenced tradelines.

11. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Equifax failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or amend Plaintiff's credit report.

12. Upon information and belief, Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend their reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes.

13. The Defendant's actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendant's failure to investigate Plaintiff's disputes and Defendant's false reporting of Plaintiff's alleged past due accounts.

## V. <u>CLAIMS</u>

### Negligence

14. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was negligent. In failing to investigate Plaintiff's disputes and in failing to delete and/or amend its reporting of the subject tradelines, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit

histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

16. Equifax's negligent failure delete and/or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

17. Equifax's failure to delete and/or amend its reporting of the subject tradelines, despite Plaintiff's lawful notices to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has past due accounts with CBNA. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

20. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Negligent Violation of the Fair Credit Reporting Act

21. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items

are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act

25. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

5

28. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Matthew J. Imbierowicz, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Matthew J. Imbierowicz, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Matthew J. Imbierowicz

COMMONWEALTH OF KENTUCKY   )
                           ) SS
COUNTY OF WARREN           )

Subscribed, sworn to and acknowledged before me by Matthew J. Imbierowicz this 13 day of March, 2017.

_____
Notary Public

Commission expires: Aug 25, 2018

```
DEBORAH SAMIOS
Notary Public
State at Large
Kentucky
My Commission Expires Aug. 25, 2018
```